UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PEDRO GONZALEZ-TORRES,
    Plaintiff,

v.

JOHN F. NEWSON, et al.,
    Defendants.

No. 3:17-cv-00455 (SRU)

# INITIAL REVIEW ORDER

Plaintiff Pedro Gonzalez-Torres ("Gonzalez-Torres"), currently confined at MacDougall-Walker Correctional Institution in Suffield, Connecticut, filed this case *pro se* under 42 U.S.C. § 1983 alleging that the defendants have been deliberately indifferent to his serious medical needs. Gonzalez-Torres names as defendants Judge John F. Newson; State Trooper Chivvers; Supervisor Conto; the City of Norwich; State Trooper Gardner; the Department of Transportation; the Department of Public Safety; State Trooper Dale B. Degaetano; State Trooper Browning; Sergeant Benedict A. Liberatore; Norwich City Hall; State Police Troop E; Griswold City Hall; Jewett City City Hall; and Montville City Hall. Gonzalez-Torres seeks damages, medical care and an order directing State Police Troop E to pay for the medical care.

The complaint was filed on March 21, 2017. Gonzalez-Torres' motion to proceed *in forma pauperis* was granted on March 28, 2017. I now dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1).

## I.    Standard of Review

Under section 1915A of Title 28 of the United States Code, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant

who is immune from such relief. 28 U.S.C. § 1915A. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

## II. Gonzalez-Torres's Allegations

On August 28, 2015, Gonzalez-Torres was arrested by troopers from State Police Troop E. During the arrest, he began experiencing "faint back pain." Doc. No. 1, ¶ 2. On August 29, 2015, Trooper Gardner signed a temporary surrender statement indicating that Gonzalez-Torres would be held at Corrigan Correctional Institution until his arraignment on August 31, 2015. The temporary surrender statement included the following language: "The Department of Public Safety assumes all responsibility for medical treatment and any expenses incurred prior to arraignment." Doc. No. 1, Ex. B.

On August 31, 2015, Gonzalez-Torres was taken from Corrigan Correctional Institution to Norwich Superior Court for arraignment. State Judicial Marshals improperly placed him in the state transport vehicle so that he was sitting on top of a seat buckle. This caused him pain.

In July 2016, Gonzalez-Torres complained of severe back pain that was exacerbated by sitting on the buckle a year earlier. He stated that Flexeril was the only medication that relieved his pain and acknowledged that he would soon go to the University of Connecticut Health Center for treatment. A nurse referred the matter to a doctor for a chart review. Doc. No. 1, Ex. C.

**III.  Analysis**

As an initial matter, I note that Gonzalez-Torres has included as defendants the Connecticut Department of Transportation, the Connecticut Department of Public Safety and State Police Troop E. Section 1983 requires that each defendant be a person acting under color of state law. 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordnance, regulation, custom or usage, of any State . . . subjects or causes to be subjected . . . ."). Neither a state agency nor its subdivision is a person within the meaning of section 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (state agencies cannot be sued under section 1983). Because none of those entities is a proper defendant, all claims against the Department of Transportation, the Department of Public Safety and Troop E are dismissed.

Gonzalez-Torres also names the Norwich City Hall, the Griswold City Hall, the Jewett City City Hall and the Montville City Hall as defendants. If, by these designations, Gonzalez-Torres intends to name all municipal officials of Norwich, Griswold, Jewett City and Montville, he has alleged no facts suggesting that any municipal official was involved in the incidents underlying this action. Accordingly, all claims against the Norwich City Hall, the Griswold City Hall, the Jewett City City Hall, the Montville City Hall and the City of Norwich are dismissed as lacking any factual basis. *See* 28 U.S.C. § 1915A(b)(1) (directing court to dismiss claims that lack legal or factual basis).

The remaining defendants are six state police troopers and a state court judge. Gonzalez-Torres alleges no facts against Judge Newson or troopers Chivvers, Conto, Degaetano, Browning and Liberatore. The claims against these defendants are dismissed as lacking any factual basis.

The only defendant specifically referenced in the complaint is Trooper Gardner, who signed the temporary surrender statement when Gonzalez-Torres was held at Corrigan Correctional Institution prior to his arraignment. Gonzalez-Torres contends that defendant Gardner was personally responsible for his medical care prior to arraignment because the temporary surrender statement included language indicating that the Department of Public Safety assumed responsibility for medical care provided prior to arraignment. There is no factual basis for this conclusion. Language indicating that a state agency will assume responsibility for expenses incurred does not establish personal liability for the expenses.

Further, even if Gonzalez-Torres had named a proper defendant, his claim should be dismissed. Gonzalez-Torres alleges that he experienced faint back pain at the time of his arrest and that pain was exacerbated when State Judicial Marshals, who are not defendants in this case, improperly placed him in a transport van. I consider this a claim for deliberate indifference to a serious medical need.

Gonzalez-Torres was an arrestee at all times relevant to this action. There is a split of authority within the Second Circuit whether claims for denial of medical care brought by pre-trial arrestees are governed by the Fourth or Fourteenth Amendment. *See Goodwin v. Kennedy*, 2015 WL 1040663, at *7–*8 (E.D.N.Y. Mar. 10, 2015) (citing cases). I need not resolve that issue, however, because Gonzalez-Torres fails to state a cognizable claim under either standard.

The Fourth Amendment standard requires a court to determine whether the alleged denial of medical treatment was objectively unreasonable "focusing on the circumstances confronting

the police at the time of the arrest without regard to their underlying motives or attitude towards the suspect." *Lewis v. Clarkstown Police Dep't*, 2014 WL 6883468, at *7 (S.D.N.Y. Dec. 8, 2014) (quoting *Freece v. Young*, 756 F. Supp. 699, 701 (W.D.N.Y. 1991)). When assessing the objective reasonableness of an officer's conduct in denying medical care, I consider four factors: "(1) whether the officer had notice of the arrestee's medical need; (2) the seriousness of the medical need; (3) the scope of the requested treatment; and (4) law enforcement's interests, including administrative, penological, or investigatory concerns." *Id.* (citing *Williams v. Rodriguez,* 509 F.3d 392, 403 (7th Cir. 2007)).

Gonzalez-Torres alleges no facts suggesting that any state trooper was aware of his medical need. For all of the time that he was in the custody of the state troopers, he alleges only that he experienced "faint back pain" and does not allege that he requested any medical treatment. The condition was exacerbated only after he was driven to court while seated on the buckle. Under these facts, any denial of medical treatment was not objectively unreasonable. Thus, Gonzalez-Torres fails to state a Fourth Amendment claim.

I next consider Gonzalez-Torres' allegations under the Fourteenth Amendment. Courts formerly applied the same standard for deliberate indifference to medical needs under the Eighth and Fourteenth Amendment. That has changed. The Supreme Court, in *Kingsley v. Hendrickson*, __ U.S. __, 135 S. Ct. 2466 (2015), held that a pretrial detainee asserting an excessive use of force claim under the Fourteenth Amendment need only meet an objective standard by showing "that the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 2473. A convicted inmate claiming excessive use of force under the Eighth Amendment must additionally meet a subjective standard by demonstrating that the force was applied "maliciously and sadistically to cause harm," and not "in a good-faith effort to maintain or restore discipline."

*Hudson v. McMillian,* 503 U.S. 1, 6–7 (1992). The decision in *Kingsley* expressly dealt with an excessive use of force claim. The Second Circuit has specifically applied *Kingsley* to claims of unconstitutional conditions of confinement by pretrial detainees and implied that *Kingsley* should be applied to all deliberate indifference claims of pretrial detainees. *See Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017) ("A pretrial detainee may not be punished at all under the Fourteenth Amendment, whether through the use of excessive force, by deliberate indifference to the conditions of confinement, or otherwise."). The Second Circuit determined that "the Due Process Clause can be violated when an official does not have subjective awareness that the official's acts (or omissions) have subjected the pretrial detainee to a substantial risk of harm." *Id.* Thus, the court defined the subjective prong of the deliberate indifference standard objectively. *Id.*

      To state a claim for deliberate indifference to a serious medical need, the plaintiff must show both that his medical need was serious and that the defendants acted with a sufficiently culpable state of mind. *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (citing *Estelle v. Gamble*, 492 U.S. 97, 104 (1976)). There are both objective and subjective components to the deliberate indifference standard. *See Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). Objectively, the alleged deprivation must be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The condition must produce death, degeneration or extreme pain. *See Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). Subjectively, the defendants must "know, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35. Negligence that would support a claim for medical malpractice does not rise to the level of deliberate indifference and is not cognizable under section 1983. *See Kingsley*, 135 S. Ct. at 2472 ("[L]iability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process.").

From the time of his arrest until he was being transported to court for arraignment, Gonzalez-Torres suffered only "faint back pain." That is insufficient to constitute a serious medical need. *See Veloz v. New York*, 339 F. Supp. 2d 505, 522–26 (S.D.N.Y. 2004) (plaintiff's chronic back pain and mild to moderate degenerative arthritis of spinal vertebrae did not establish a serious medical need). Gonzalez-Torres alleges that the pain was exacerbated when he was made to sit on a buckle during the trip to court. He submits a medical evaluation from nearly a year later in which he describes chronic severe back pain. Accepting his allegations as true, although the court trip may ultimately have caused a serious medical need, the time period relevant to this action (from arrival at court until arraignment that same day) is too short to constitute a serious medical need. *See, e.g.*, *Guarneri v. Hazzard*, 2008 WL 552872, at *6 (W.D.N.Y. Feb. 27, 2008) ("[s]evere back pain, especially if lasting an extended period of time, can amount to a serious medical need under the Eighth Amendment"). Because Gonzalez-Torres has not alleged facts demonstrating that he suffered a serious medical need at any time during which he was in the custody of the state troopers, his deliberate indifference claim fails.

Further, even if the condition were serious, Gonzalez-Torres fails to allege facts showing that the defendants failed to provide proper treatment. Gonzalez-Torres contends that these defendants were responsible for his medical treatment only prior to arraignment. He alleges no facts suggesting that he requested medical treatment from any defendant or that any defendant denied him treatment prior to his arraignment. Under these facts, the defendants could not have known that he required medical care or that failure to provide medical care posed an excessive risk to his health. I conclude that Gonzalez-Torres fails to state a cognizable claim for deliberate indifference to medical needs.

**IV.     Conclusion**

For the reasons stated, I dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk is directed to enter judgment in favor of the defendants and close this case.

So ordered.

Dated at Bridgeport, Connecticut, this 31st day of May 2017.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge